UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

Case No.: 21-CV-798

| | | |
|---|---|---|
| CHRISTOPHER COOLEY, | : | |
| Plaintiff, | : | |
| -vs- | : | **PLAINTIFF CHRISTOPHER COOLEY'S FIRST AMENDED COMPLAINT** |
| AEVUM HOTELS, LLC, | : | |
| Defendant. | : | |
| | : | |
| | : | |

### INTRODUCTION

1. Plaintiff Christopher Cooley brings this action pursuant to 42 U.S.C. § 12182, because JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, other employees of AEVUM HOTELS, LLC doing business as "RED CARPET INN," (hereafter "Hotel") denied Mr. Cooley reasonable accommodation in violation of the Americans with Disabilities Act ("ADA") when Mr. Cooley attempted to reserve a room at the Hotel, but was denied by John Doe 1, John Doe 2, and John Doe 3 due to his use of a service animal. Mr. Cooley was told that he was not allowed to stay at the Hotel while accompanied by a service animal.

2. Christopher Cooley is an individual with disabilities who uses a service animal for assistance with his major life activities. Mr. Cooley telephoned the Hotel located at 8590

Colerain Ave., Cincinnati, OH 45251, with the intention of reserving a room. Upon phoning the Hotel, Mr. Cooley requested the price of one room for a night from John Doe 1 (hereafter "Doe 1"), which he received. Mr. Cooley then advised Doe 1 he had a service animal and wanted to make sure there would be no issues. Doe 1 responded that the Hotel does not allow pets, that he understood Mr. Cooley was asking about a service animal, that he did not know if the service animal would be permitted, and that he would discuss the issue with the owner.

3. Mr. Cooley would eventually call back two more times, and on the second call, Doe 1 indicated that "the owner" (referred to as Doe 2 in this complaint) would not allow Mr. Cooley to have his service animal at the hotel. After the final exchange, Mr. Cooley ended the call with the Hotel without receiving any services or accommodations.

### Parties to the Matter, and Other Relevant Parties

4. Plaintiff Christopher Cooley is a citizen and resident of Ohio.

5. Mr. Cooley has vision and hearing impairments qualifying as disabilities under the ADA. *See* 42 U.S.C. § 12102(2)(A).

6. Because Mr. Cooley has severe hearing and vision impairments, he heavily relies on the assistance of his service animal, Larkin. Larkin is a "service animal" as defined in 28 C.F.R. § 36.104. Larkin is professionally trained to serve as a "service animal."

7. Defendant Aevum Hotels, LLC ("Aevum") is an Ohio LLC

8. Aevum is reflected on the Hamilton County, Ohio "CAGIS Online 2.0" system as the owner of the property on which the Hotel is located.

9. Upon information and belief, Aevum also operates the Hotel.

10. Upon information and belief, Doe 1 is an unidentified employee of Aevum, working at the Hotel.

11. Doe 1 denied Mr. Cooley equal access to the Hotel, a place of public accommodation on the day in question, August 11, 2021. Plaintiff intends to amend this Complaint and identify Doe 1 once their identity can be ascertained through discovery.

12. Upon information and belief, Doe 2 is an unidentified employee or owner of Aevum, associated with the operation of the Hotel and referred to as "the owner" by Doe 1.

13. Doe 2 denied Mr. Cooley equal access to the Hotel, a place of public accommodation. Plaintiff intends to amend this Complaint and identify Doe 2 once their identity can be ascertained through discovery.

14. Upon information and belief, Doe 3 is an unidentified employee of Aevum, working at the Hotel.

15. Plaintiff believes that there are other unidentified parties relevant to this case who are liable under some or all of the claims pled herein, including, but not limited, to suppliers, other owners, other employees, and other entities related to the Hotel's operations. Plaintiff intends on amending this Complaint once the existence and identity of these additional defendants has been established.

## Jurisdiction and Venue

16. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this is a case or controversy arising under federal law.

17. This Court has supplemental jurisdiction over the state law claims because this Court has original jurisdiction over the related claims alleged in Count I. *See* 28 U.S.C. § 1367.

18. Venue is proper in this court because the incidents giving rise to this controversy occurred in this judicial district.

**Factual Background**

19. On or about August 11, 2021, at approximately 2:15 p.m., Mr. Cooley phoned the Hotel to make a reservation for a room.

20. Upon calling the Hotel, Mr. Cooley requested the price of one room for a night, which he received from the representative who answered the phone, Doe 1.

21. Having faced discrimination and accessibility issues many times in the past due to his use of a service animal, Mr. Cooley proactively then advised Doe 1 that Cooley uses a service animal, and that he wanted to be sure there would be no issues related to his service animal use.

22. Doe 1 responded that the Hotel does not allow pets.

23. Mr. Cooley reaffirmed that his service animal is just that, and not a pet.

24. Doe 1 stated he understood that Mr. Cooley had a service animal and not a pet, but that he would need to talk to the owner before going through with the reservation.

25. On or about August 13, 2021, at approximately 10:40 a.m., Mr. Cooley phoned the Hotel again to see if the Hotel's owner would allow Mr. Cooley to reserve a room.

26. Doe 3 answered the phone and informed Mr. Cooley that he was unsure if he could allow Mr. Cooley to make a reservation.

27. Doe 3 asked Mr. Cooley if he had called previously to speak to someone at the Hotel, to which Mr. Cooley replied that he had, and was waiting to hear back from "the owner."

28. Doe 3 did not assist Mr. Cooley in making a reservation at the Hotel.

29. Doe 3 denied being the owner of the Hotel and informed Mr. Cooley that Doe 1 would be reporting to work at 3 p.m. that day if he would inquire with him.

30. In response, Mr. Cooley informed Doe 3 he would be calling back later to speak directly with Doe 1.

31. On or about August 13, 2021, at approximately 3:20 p.m., Mr. Cooley phoned the Hotel for the third time, again hoping to make a reservation.

32. Upon information and belief, Doe 1 was the Hotel employee who answered the phone at that time.

33. Doe 1 informed Mr. Cooley that "the owner," stated Mr. Cooley could not be in the building and make use of the place of public accommodation with the service animal.

34. This Complaint refers to "the owner" as Doe 2.

35. Mr. Cooley ended the call and was unable to reserve a room due to his use of and reliance on a service animal.

36. The events leading up to Mr. Cooley's ultimate denial of access and services by the Hotel caused Mr. Cooley to suffer panic attacks and other anxiety causing bodily injury, including, but not limited to, shortness of breath and heart palpitations.

37. This type of behavior is prohibited by the ADA and state law.

### COUNT I: TITLE III OF THE AMERICANS WITH DISABILITIES ACT AS TO AEVUM

38. Each of the preceding paragraphs is hereby incorporated by reference as if fully set forth herein.

39. The ADA, 42 U.S.C. § 12182, prohibits discrimination by public accommodations based upon one's disability.

40. During his multiple efforts to reserve a room at the Hotel, which is open to the public, and being told by Does 1-3 that he could not be in the premises with his service animal, Mr. Cooley repeatedly explained that the animal he needed to bring is a service animal.

41. Upon information and belief, Does 1-3 were employees (or the owner in the case of Doe 2) acting as agents of Aevum, and within the scope of their employment.

42. ADA Title III requires places of public accommodation to engage in reasonable accommodations for disabled individuals. 28 C.F.R. § 36.104.

43. Mr. Cooley was denied a reasonable accommodation.

44. Mr. Cooley was discriminated against on the basis of disability.

45. Mr. Cooley lives near Cincinnati, Ohio, regularly travels to the area, and intends to visit the Hotel again.

46. Defendant's acts and omissions are in violation of the equal access and nondiscrimination requirements set forth in Title III of the ADA and the regulations promulgated thereunder and have resulted in injury to Mr. Cooley.

47. By engaging in the conduct described above, Defendant is liable for discriminating against Mr. Cooley.

48. Because of the conduct of the Defendant, through its employees/owner(s), Plaintiff has been damaged, including suffering bodily injury, and is entitled to injunctive relief from Defendants.

49. Due to this unlawful discriminatory conduct, Plaintiff is also entitled to reasonable attorneys' fees.

### COUNT II: DISABILITY DISCRIMINATION UNDER OHIO LAW - AS TO AEVUM

50. Each of the preceding paragraphs is hereby incorporated by reference as if fully set forth

herein.

51. Plaintiff Christopher Cooley is a qualified individual with disabilities as defined under O.R.C. § 4112.01(A)(13) *et seq.*

52. Defendant, through Does 1-3, intentionally, willfully, and wantonly discriminated against Mr. Cooley by denying him the full enjoyment of a place of public accommodation, as defined by O.R.C. § 4112.01(A)(9), due to his disabilities, in violation of O.R.C. § 4112.02(G).

53. As a direct and proximate result of this discriminatory conduct, Mr. Cooley has been damaged, and he is entitled to compensation from Defendant for all damages (actual and/or punitive) caused by the unlawful discriminatory conduct, pursuant to O.R.C. § 4112.02.

54. In addition, because Defendant intentionally discriminated against Plaintiff, he is entitled to reasonable attorneys' fees.

### COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – AS TO AEVUM

55. Each of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

56. The conduct of Does 1-3, acting in their capacity as employees or owners of Aevum, refusing to permit Mr. Cooley access to the Hotel, was in negligent and reckless disregard of Mr. Cooley's physical and emotional well-being and caused severe mental and emotional distress, bodily injury, humiliation, and anxiety.

57. As a direct and proximate result of Defendant's actions, through Does 1-3, Mr. Cooley has suffered and will continue to suffer humiliation, mental and emotional anguish, anxiety, and physical pain and distress.

58. Plaintiff is also entitled to punitive damages in an amount to be determined at trial.

### COUNT IV: NEGLIGENT HIRING, RETENTION, AND/OR SUPERVISION – AS TO AEVUM

59. Each of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

60. Doe 1 acted within the scope of his employment during the acts giving rise to this matter.

61. Doe 2 acted within the scope of his employment during the acts giving rise to this matter.

62. Doe 3 acted within the scope of his employment during the acts giving rise to this matter.

63. Defendant negligently and/or recklessly supervised and trained their agents/employees in their activities of providing reasonable accommodations to disabled customers.

64. Defendant negligently and/or recklessly permitted, and/or failed to prevent, the unreasonable activity by their agents, Doe 1, Doe 2, and Doe 3.

65. As a result of this tortious activity, Plaintiff has been, and continues to be, damaged in an amount to be determined at trial.

66. Mr. Cooley is also entitled to punitive damages in an amount to be determined at trial.

### Jury Demand

Plaintiff demands a jury trial of all issues so triable.

### Prayer for Relief

WHEREFORE, the Plaintiff demands that this Honorable Court order relief as follows:

    a. Declare that Defendant's agents/employees/owner(s)' acts and omissions complained of herein denied Plaintiff full use and enjoyment of a place of public accommodation in violation of Title III of the Americans with Disabilities Act and regulations thereunder as alleged in the Complaint;

b. Issue a permanent injunction to require Defendant to comply with the Americans with Disabilities Act of 1990 with respect to providing individuals with disabilities full and equal access to its places of business;

c. Issue a permanent injunction to require Defendant to refrain from discriminating against individuals with disabilities who visit their businesses;

d. Enter a judgment finding Defendant have violated federal and Ohio law as set forth above;

e. Award Plaintiff an amount to be determined at trial for humiliation, embarrassment, loss of reputation, loss of self-esteem, emotional distress, and pain and suffering;

f. Award Plaintiff compensatory and punitive damages;

g. Award Plaintiff his attorneys' fees, litigation expenses, and costs; and

h. Grant such further relief as this Court deems equitable and just.

Dated: February 15, 2022

Respectfully submitted,

/s/ Alexander J Darr
Alexander J. Darr (0087102) – Alex@Darr.Law
Jumana M. Ali (0097438) – Jumana@Darr.Law
Darr Law LLC
1391 W 5TH AVE, STE 313
COLUMBUS, OHIO 43212
614-465-3277

*Trial Attorneys for Plaintiff,*
Christopher Cooley