# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COOLEY, | Case No.: 1:21-CV-0798 |
| Plaintiff, | |
| -vs- | **PLAINTIFF'S SUPPLEMENT TO MOTION FOR DEFAULT JUDGMENT** |
| Aevum Hotels, LLC. | |
| | **The Honorable Michael R. Barrett** |
| Defendants. | |
| | **Default Judgment Hearing Scheduled: July 7, 2022 at 10:00 AM** |
| | **Courtroom 109** |

**PLAINTIFF'S SUPPLEMENT TO MOTION FOR DEFAULT JUDGMENT**

Now comes Plaintiff, by and through counsel, submitting this supplement to its Motion for Default Judgment to provide evidence in support of said motion prior to the Default Judgment hearing scheduled for July 7, 2022. If the Court determines that it can rule on the pending motion without additional evidence, Plaintiff would be amenable to striking the scheduled hearing date and judgment being entered on the basis of these supplemental papers, as well as the other pleadings and filings in this matter.

Plaintiff filed its motion for default judgment on May 11, 2022. (Dkt # 13). Prior to this filing, the Clerk has entered a default as to Defendant Aevum Hotels, LLC on May 3, 2022. (Dkt # 12). The amended complaint (Dkt # 5)[1] was properly served on Aevum on March 8, 2022 (Dkt # 8). A copy of Plaintiff's application for entry of default was sent by US First Class Mail to

---

[1] Cited to as "Compl." in this document.

1

Aevum's Registered Agent on May 2, 2022, the same day the application was filed with the Court.[2] A copy of Plaintiff's Motion for Default Judgment was sent by US First Class Mail to Aevum's registered agent on May 11, 2022, the same day the motion was filed with the Court.

Plaintiff alleges claims arising under the Americans with Disabilities Act, and, pursuant to the Court's supplemental jurisdiction, claims arising under Ohio law, stemming from the same operative facts. Plaintiff seeks declaratory relief, injunctive relief, actual damages, punitive damages, and fees and costs. Plaintiff requested the Court to set this matter for a hearing to determine the appropriate relief due to Plaintiff. The Court granted this request and has scheduled the hearing for July 7, 2022 at 10:00 AM. (Unnumbered docket entry dated May 16, 2022).

In order to efficiently provide the Court with the necessary evidence for its ruling on the Motion for Default Judgment, Plaintiff submits this supplemental filing (and attached affidavits). If the Court determines that it can rule on the pending motion based on this supplemental information, without the need for the hearing, Plaintiff respectfully requests that the Court proceed in that fashion and strike the scheduled hearing. To that end, Plaintiff will also submit proposed order with this filing, per the Local Rules, to facilitate such a ruling.

**Background Facts**

The relevant facts for the Court's default judgment inquiry can be found in the Amended Complaint (Dkt # 5), and are recited, in part here.[3] Additional factual statements are in the attached declarations of Plaintiff Christopher Cooley and Plaintiff's counsel Alexander Darr.

---

[2] Plaintiff's Motion for Default Judgment (Dkt # 13) erroneously indicated that a copy of the application for entry of default was sent on May 3, 2022. It was sent on May 2, 2022.
[3] "Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability[.]" *Zinganything, LLC v. Royal Design, Inc. et al.*, 5:15-cv-1453 at 2 of 7 (N.D. Ohio Jan. 29, 2016) (*Citing Ford Motor Co. v Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)).

Christopher Cooley is a vision and hearing-impaired individual. Compl ¶ 5. As such, he has a disability, as that term is used in the relevant portions of the Americans with Disabilities Act. *See* 42 U.S.C. § 12102(2)(A). Mr. Cooley makes use of a service animal–a professionally-trained[4] dog named Larkin. ¶ 6. Larkin is a "service animal" as that phrase is used in relevant law and regulation. *See* 28 C.F.R. 36.104. Aevum Hotels, LLC is an Ohio LLC that owns and operates the property known as the Red Carpet Inn located in Cincinnati, Ohio. Compl. ¶¶ 1, 7-9. The Red Carpet Inn is a public accommodation, as that phrase is used in the ADA. *See* Compl. ¶¶ 39-40; 42 U.S.C. § 12182.

On August 11, 2021, Mr. Cooley contacted the Red Carpet Inn by telephone to reserve a room. Mr. Cooley asked about the price and received that information from the employee/agent (referred to as Doe 1 in the Complaint). Prior to formally booking the room, due to past experience/discrimination, Mr. Cooley proactively indicated that he would be traveling with his service animal for the trip/reservation. When Mr. Cooley stated that he'd have a service animal with him when staying at the hotel, the employee indicated that he could not bring a dog. Mr. Cooley made clear that the dog is a service animal, not just a pet. The employee confirmed that he understood the dog was a service animal, but still refused to reserve the hotel room, indicating that he would have to speak with the owner and would call back. *See generally* Compl. ¶¶ 19-24.

Mr. Cooley did not receive a return call, and so he called again on August 13, 2021 to inquire about the status of a reservation. A different employee/agent answered the call. (Referred to as Doe 3 in the Complaint). Doe 3 was not aware of the conversation between Mr. Cooley and Doe 1 and was unable to provide any assistance with a reservation. However, Doe 3 indicated that

---

[4] Plaintiff notes that a service animal need not be professionally trained to qualify as a "service animal" for purposes of the ADA.

3

Doe 1 would be at the hotel later that day, and Mr. Cooley indicated that he would call back at that time. *See generally* Compl. ¶¶ 25-30.

Mr. Cooley called back on August 13, 2021 and spoke with Doe 1 again. Doe 1 stated that he had discussed Mr. Cooley's use of a service animal with "the owner," and that the owner indicated Mr. Cooley could not bring his service animal to the hotel. "The owner" is also referred to as Doe 2 in the Complaint. *See generally* Compl. ¶¶ 31-35. As a result of all of this conduct, Mr. Cooley suffered anxiety, causing bodily injury, including, but not limited to, shortness of breath and heart palpitations. Compl. ¶ 36; *see also* Cooley Declaration.

Mr. Cooley resides near Cincinnati, Ohio. He regularly travels to Cincinnati for social functions, shopping, and to visit friends. Mr. Cooley intends on returning to Cincinnati and the Red Carpet Inn in the future, Compl. ¶ 45, as the Red Carpet Inn provides an economically competitive option for overnight lodging in the Cincinnati area, which is necessary for Mr. Cooley's limited/fixed budget.

**Discussion**

1. **Americans with Disabilities Act**

It is well established that a place of public accommodation cannot deprive a disabled individual from full and equal access to a place of public accommodation under the Americans with Disabilities Act. 42 U.S.C. § 12182(a). If a disabled individual is denied access to a place of public accommodation, they can seek injunctive relief and attorneys' fees. 42 U.S.C. § 12188(a) (citing 42 U.S.C. § 2000a-3). Mr. Cooley was denied equal access to the public accommodation because of his use of a service animal. Plaintiff requests that the Court enter an Order prohibiting Defendant from continued discrimination against disabled individuals who use service animals, and to award reasonable attorney's fees and costs in the amount laid out below.

2. **Ohio Disability Discrimination Law**

Plaintiff's Count II of the Complaint arises under Ohio law and arises from the same operative facts as the Americans with Disabilities Act claim, and is thus within the Court's supplemental jurisdiction. Under the applicable Ohio law, Mr. Cooley has a "disability," ORC § 4112.01(A)(13), the hotel operated by Defendant is a "place of public accommodation," ORC § 4112.01(A)(9), and Mr. Cooley's service animal is an "animal assistant" as that phrase is used in Ohio law and regulation, O.A.C. § 4112-5-02(C). Defendant is a keeper or manager of a place of public accommodation, and so it cannot deny Mr. Cooley equal access to the public accommodation. ORC § 4112.02(G); O.A.C. § 4112-5-06(A)(4) (it is unlawful to "deny any disabled person in a place of public accommodation the attendance of an animal assistant.").

Under Ohio law, Mr. Cooley may initiate a civil action for damages, injunctive relief, and other appropriate relief. ORC. § 4112.99. The statute providing for relief refers to "damages" generally. The Ohio Supreme Court has held that the statute's reference to "damages" includes punitive damages. *Rice v. Certainteed Corp*, 84 Ohio St. 3d 417 (Ohio 1999)(" 'Damages,' absent a restrictive modifier like 'compensatory,' 'actual,' 'consequential' or 'punitive,' is an inclusive terms embracing the panoply of legally recognized pecuniary relief."). Further, because punitive damages can be recovered under the statute, so too can attorneys' fees. *Sutherland v. Nationwide*, 102 Ohio App. 3d 297 (10th Dist. 1995)("Ohio law has long permitted recovery of attorney fees, even in the absence of statutory authorization, where punitive damages are proper." (citing *Roberts v. Mason* 10 Ohio St. 277 (1859); *Columbus Finance v. Howard*, 42 Ohio St. 2d 178, 183 (1975), and other cases)). As such, Plaintiff is entitled to, and seeks, actual damages, punitive damages, injunctive relief prohibiting future discrimination, and attorneys' fees and costs for Count II of the Amended Complaint.

### 3. Negligence

Counts III and IV assert a claim for negligence under two theories (Count III - Negligent Infliction of Emotional Distress and Count IV - Negligent Hiring/Retention). Under either theory, Plaintiff again seeks his actual damages, and so any relief under these claims would be cumulative of the relief sought in Count II. However, the basis for the claims is briefly laid out here.

Ohio recognizes the tort of negligent infliction of emotional distress. *See generally Zucco v. Moretuzzo*, 73 Ohio St. 3d 80 (1995).. And, "generally, an employer or principal is vicariously liable for the torts of its employees or agents under the doctrine of respondeat superior." *Natl. Union Fire Ins. Co. of Pittsburgh, PA. v. Wuerth*, 122 Ohio St. 3d 594, 599 (Ohio 2009). Further, Ohio law does not require that the emotional distress manifest into an actual, bodily injury to recover for negligence. *Schultz v. Barberton Glass Co.*, 4 Ohio St. 3d 131 (1983).

Defendant's agents/employees acted negligently in denying Mr. Cooley access to the place of public accommodation. This negligent conduct (spread across at least two, separate instances) caused Mr. Cooley to suffer physical injury in the form of shortness of breath and unnatural, intense heart palpitations, as well as mental and emotional harm. Plaintiff can recover his actual damages via these claims sounding in negligence.

**Damages**

**1. Actual and Punitive Damages - State Law Claims**

Ohio courts recognize that actual damages can include non-economic losses, where the damages are compensatory (as opposed to punitive) in nature. *See Whitaker v. MT Automotive*, 111 Ohio St. 3d 177,182 (Ohio 2006)(recognizing emotional/mental distress caused by a violation of Ohio law as a compensable, noneconomic, actual damage). Mr. Cooley suffered a physical injury as a result of Defendant's conduct (or that of its agents/employees), as well as mental and

emotional distress and anguish. Mr. Cooley suffered multiple anxiety/panic attacks, shortness of breath, and intense heart palpitations. Mr. Cooley suffered this injury because Defendant's action/conduct was so egregiously negligent. Simply put, Defendant's conduct is in blatant disregard of Mr. Cooley's rights to equal enjoyment of a public accommodation, the equal enjoyment of society, as protected by federal and Ohio law. What transpired was not a mere misunderstanding, but a blatant disregard for Mr. Cooley's rights. Accordingly, Mr. Cooley suffered substantial actual harm. In determining the appropriate amount of actual damages for egregious illegal conduct by a business, towards a consumer, guidance is available from Ohio statute in a similar context.

Ohio, like many states, provides broad protections for consumers against deceptive or unfair acts by businesses. *See generally* ORC § 1345 et seq. Those protections are enforceable by a private right of action in which the harmed person can recover their actual damages, including noneconomic compensatory damages. *See Whitaker v. MT Automotive*, 111 Ohio St. 3d 177, 183 (Ohio 2006); ORC § 1345.09(B) (Permitting recovery of actual damages as follows: "three times the amount of the consumer's actual *economic* damages [ ] *plus* an amount not exceeding five thousand dollars in *noneconomic* damages[.]" ). Under the Ohio CSPA, the legislature has determined that noneconomic, actual damages of up to $5,000 for each violation are recoverable by an aggrieved consumer. ORC § 1345.09(B).

The Ohio Consumer Sales Practices Act is analogous to the present claims arising under Ohio law. In both cases a consumer is harmed by the illegal conduct of a business or place of public accommodation with regards to a consumer transaction. Here, there were at least two,

7

separate violations[5] of Ohio's anti-discrimination law resulting in actual injury to Mr. Cooley. Given the egregious and explicit violation by Defendant, Mr. Cooley should be awarded $10,000 in actual, noneconomic damages.

Additionally, Claimant seeks punitive damages, pursuant to ORC § 4112.99, in the amount of $20,000. Punitive damages are appropriate in this matter given the repeated and clear violations of law. The course of events in this case gave Defendant two chances to "do the right thing," with time in between to research the business's obligations under the law and make the right call. Defendant failed to do so. Additionally, Defendant's failure to engage in this litigation is instructive. Plaintiff's counsel was contacted by a representative of Defendant on multiple occasions to discuss this pending case. This makes clear that Defendant is aware of the allegations of this case and this case having been filed. Despite all of this, Defendant has not offered any justification for its actions or its positions. Plaintiff's counsel is not aware of, and there is no record of, any type of mitigating factor in this case. Simply put, Defendant has chosen to deny disabled individuals access to its place of public accommodation, in violation of state and federal law, and has offered no justification or defense for this conduct. Punitive damages are warranted in these circumstances.

2. **Attorney's Fees and Costs**

As noted above, attorneys' fees and costs are recoverable under both federal and state law for the prosecution of this matter. Plaintiff seeks an award of fees and costs in the amounts of $16,310 and $1,393.15 respectively. The support for this request is detailed in the declaration of Alexander Darr.

---

[5] It may be argued that during the second phone call Mr. Cooley never formally repeated his request to rent a room, and so a failure to accommodate did not occur on that call.

**Conclusion**

Plaintiff respectfully requests that the Court enter final judgment in the forms requested above.

Dated:  June 29, 2022                                   Respectfully submitted,


/s/ Alexander J. Darr
Alexander J. Darr (0087102)
Darr Law LLC
1391 W 5TH AVE, STE 313
COLUMBUS, OHIO 43212

*Trial Attorney for Plaintiff,*
Christopher Cooley

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of June 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Aevum Hotels, LLC by sending a copy via United States First Class Mail to Aevum Hotels, LLC's registered agent with the Ohio Secretary of State.

      /s/ Alexander J. Darr
      Alexander J. Darr (0087102)