# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COOLEY, | Case No.: 21-CV-0798 |
| Plaintiff, | |
| -vs- | **DECLARATION OF ALEXANDER DARR IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| Aevum Hotels, LLC. | |
| Defendants. | |

I, Alexander Darr, declare as follows:

1. I am a member in good standing of the Ohio State Bar, California State Bar, and Illinois State Bar, and a member in the law firm Darr Law LLC ("DARR"), counsel for Plaintiff in this action.

2. I submit this declaration in support of Plaintiff's Supplement to Motion for Default Judgment and request for fees associated with the Motion for Default Judgment.

3. Except as otherwise noted, I have personal knowledge of the facts set forth herein with respect to the information provided regarding my law firm, and if called to testify thereto, could and would do so competently.

**Overview of the Case**

4. I began investigating this matter in August 2021 when Mr. Cooley brought it to my firm's attention. Before bringing suit, I reviewed Mr. Cooley's evidence (including recordings of telephonic communications) and took notes related to the case.

1

5. Shortly after the initial discussion and investigation, Mr. Cooley was retained, and a demand letter and court complaint drafted and sent. No response was received by my office to this letter.

6. Given the lack or response, this matter was then filed with the Court, naming Chato LLC and P& C Motel Corp as defendants. (Dkt. # 1).

7. As more fully detailed in Plaintiff's Status Report filed with the Court on May 2, 2022, these parties were listed as defendants due to erroneous public records indicating that both companies either owned or operated the hotel property and/or land on which the hotel is located.

8. I was contacted by a representative of Chato LLC, and after many subsequent communications with Hamilton County Ohio employees and Chato LLC's representative, was able to ascertain the correct owner/operator of the hotel at issue in this matter.

9. An amended complaint was filed on February 15, 2022.

10. The amended complaint alleges that Defendant, Aevum Hotels, LLC, owner and/or operator of "Red Carpet Inn" denied Mr. Cooley access to that public accommodation in violation of Ohio and federal law.

11. Defendant never answered the Amended Complaint, despite proper service, (Dkt. # 8).

12. On May 3, 2012, the Clerk entered default. (Dkt. # 12).

13. Currently pending before the Court is a Motion for Default Judgment. (Dkt. # 13).

14. This declaration and other documents are being submitted prior to a scheduled hearing on that motion to assist with an efficient resolution of the motion, or to obviate the need for it entirely, at the Court's discretion.

15. An award of attorneys' fees and costs is appropriate for both the federal claim as well as the claim arising under Ohio Revised Code § 4112.

17. While the violations alleged in this case are rather blatant and straightforward, this case still presents novel issues regarding available relief under Ohio law for victims of disability discrimination. Based upon my personal research, there is a dearth of case law in Ohio with regards to available remedies and damages under applicable Ohio law for individuals in Mr. Cooley's situation. Each of these issues presents novel questions requiring thorough research of statutes, case law, and regulations.

18. Additionally, the firm has prosecuted this case on a contingent fee basis. Accordingly, my firm has received no compensation for its time or expenses, and has borne the risk of getting nothing if the case is unsuccessful.

19. Darr Law LLC is a small firm with two attorneys presently. The firm regularly declines potentially meritorious contingency cases and limits the amount of hourly work it takes on to litigate the cases it accepts. Accordingly, the time spent on this matter is time that could and would have been spent on other billable matters had the firm not taken this case.

**Attorneys' Fees**

20. Through June 28, 2022, the firm has spent the attorney time below to successfully prosecute this action to this point. The firm's lodestar through that date is summarized below:

| Timekeeper | Position | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Alexander Darr | Partner | $700 | 23.3 | $16,310 |

21. I graduated *summa cum laude* from Mount Union University with a B.A. in Political Science. I received my J.D. from The Ohio State University in 2010, with honors and Order of

the Coif. At law school, I served on the executive board for the law review (The Ohio State Law Journal) and won a schoolwide oral advocacy competition. I applied for and was admitted to the Ohio State Bar after completing that state's bar examination. Shortly after graduation I was hired as a law clerk for the Honorable Edmond E. Chang, a United States District Court Judge of the United States District Court for the Northern District of Illinois. While there, I applied for and was admitted to the Illinois State Bar after completing that state's bar examination.

23. In 2012 I joined the law firm of Ungaretti & Harris LLP (now merged with Nixon Peabody) in its Chicago office.

24. In 2013, I left Ungaretti & Harris and founded Darr Law LLC. I have been actively involved in the prosecution of consumer protection actions and civil rights/injury actions since that time. I litigate both in court and in the arbitration process (primarily through AAA and JAMS arbitrations). I also consult and advise small, medium, and large businesses about arbitration and its costs and benefits, as well as regarding compliance with federal consumer finance laws and other civil rights laws. My practice continues to include meaningful commercial/hourly work, including the aforementioned consultation services and defending businesses regarding complex technology or consumer rights disputes.

25. In my current role as a law firm owner, practicing plaintiff-side work in the realms of consumer protection and civil rights, I keep abreast of the rates charged by attorneys in the jurisdictions where I am admitted to practice and, to a lesser extent, elsewhere in the United States because my practice spans the entire country. Being knowledgeable of prevailing rates is important because the nature of my legal practice almost always involves a claim with a fee-shifting or prevailing party attorney's fees provision. I keep abreast of these rates by reading trade publications, consulting with my peers in the legal community, consulting with legal

recruiters and other legal consultants, talking with clients and potential clients, and reading published and unpublished decisions issued by courts.

26. It is my opinion that the rate sought is consistent with a customary and reasonable rate for an attorney in an Ohio metropolitan area, and reasonable for this representation.

27. To further support my opinion regarding the reasonableness of rates, an analysis of the *Laffey* matrix was conducted, as other courts in this district have done when assessing an appropriate lodestar. *See e.g. Ramsey v. International Computer Systems, Inc.*, 1:16-cv-745 (S.D.Ohio January 3, 2017).

28. The *Laffey* matrix outlines reasonable rates for attorneys in the Washington D.C. area. *Id.*

29. To account for the difference in geographic area, courts in this district will use the federally-compiled locality pay tables to adjust *Laffey* rates to a different locality. *Id.*

30. The *Laffey* matrix, for the relevant time period, for an attorney with my education and experience, in Washington D.C., provides for a rate of $764/hour.[1]

31. According to the Office of Personnel Management, the base scale for federal pay is increased by 31.53% for the Washington D.C. geographic area.[2]

32. Thus, if one reduces the Washington D.C. *Laffey* rate by 31.53%, a "base" *Laffey* rate of $580.86 is established. (764 / 1.3153 = 580.86).

33. According to the Office of Personnel Management, the base scale for federal pay is increased by 20.55% for the Cincinnati geographic area.[3] The *Laffey* "base" rate should similarly be adjusted.

---

[1] Available at: http://www.laffeymatrix.com/see.html. Last checked June 28, 2022.
[2] Available at: https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/salary-tables/pdf/2022/DCB.pdf. Last checked June 28, 2022.
[3] Available at: https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/salary-tables/pdf/2021/CIN%20(LEO).pdf. Last checked June 28, 2022.

34. If one adjusts the *Laffey* "base" rate accordingly, a reasonable hourly rate, based on the *Laffey* matrix, for the Cincinnati geographic area is $700.22. (580.86 * 1.2055).

32. My hourly rate of $700 per hour is in line with this *Laffey* cross check, and this method of determining reasonableness of rates has been used by this court before. *See Ramsey supra*.

33. Further support for the sought rate can be found in my other professional experiences. More than two years ago, in *Chen v. Chase Bank*, Darr Law LLC, was one of three firms appointed class counsel in a putative class action alleging consumer protection claims arising under federal law. *See* 19-cv-1082-JSC (N.D.Ca.). In granting final approval of that class action settlement, Judge Corley recognized my "extensive experience," approving an hourly rate of $475 for me/Darr Law. *See* 19-cv-1082-JSC (N.D.Ca. June 23, 2020)("These billing rates are reasonable and in line with prevailing rates in this district for lawyers of comparable experience, skill, and reputation.)"

34. More recently, in February 2022, I received fees in an amount agreed to by the parties in an arbitration, using a lodestar where my hourly rate was $700/hour.

35. Earlier this month I received an interim award in an arbitration inviting a fee petition to determine my attorneys fees with explicit reference to usage of the *Laffey* rate for determining my fees. That fee determination is ongoing, but the arbitrator made explicit reference to *Laffey* rates being an appropriate measure of rate in encouraging the parties to agree to the appropriate lodestar there.

36. Additionally, while the majority of my work is taken on a contingency basis, every year I do a meaningful amount of hourly work, as discussed above in, and for that work, I am currently charging clients (and being paid) $650-$700 per hour.

**Time Expended On the Matter**

39. Depending on whether a hearing on Plaintiff's Motion for Default Judgment is obviated by Plaintiff's supplemental filing, the firm may continue to invest time and resources in connection with this case. I anticipate that I will have to spend at least twelve additional hours on this case for hearing preparation, travel, and hearing attendance. In any event, I anticipate having to spend additional time on this case to collect on a judgment. These hours are not included in the calculations in these papers.

40. Time entries reflecting the firm's work on this matter through June 28, 2022 is attached hereto as Exhibit 1. These entries describe tasks performed in 0.1 hour increments and were derived from records contemporaneous to the described task, including, but not limited to, time entries, logs of phone calls, emails, and receipts for costs (for example, a PACER invoice related to research for this case). These records are maintained in the ordinary course of business. The entries have been revised to omit attorney-client or otherwise private information and correct errors. Additionally, time entries have been reduced (never increased) when I thought a downward adjustment in time expended (or complete exclusion of time entry) was appropriate.

41. Plaintiff's Counsel's time was spent on the following tasks, among others: (1) investigating and evaluating Plaintiff's claims and preparing the Complaint, (2) filing the Complaint and effectuating service, (3) communications with Chato LLC representatives and Hamilton County, Ohio offices, (4) amending the complaint and filing and serving the same, (5) discussions with a representative of Aevum Hotels, and (6) preparing the documents related to the default judgment.

42. The time devoted to this case was reasonable in light of erroneous public records over which Plaintiff had no control, and which Plaintiff attempted to resolve to benefit both Defendant and non-parties.

a. During conversations with Aevum Hotels's representative, the representative acknowledged receiving prior communications regarding this matter addressed to the prior defendant P&C Motel Corp.. To this day, P & C Motel Corp. has a registered agent address with the Ohio Secretary of State as the address for the Red Carpet Inn–8590 Colerain Ave; Cincinnati, Ohio 45251. There was no indication that P & C Motel Corp. was not the appropriate Defendant, and this belief was substantiated by Hamilton County Records.

b. The Aevum Hotel representative indicated opening and reviewing the mailed communications sent to P&C Motel Corp; communications which clearly alleged claims arising from conduct when Aevum Hotels owned and/or operated the hotel.

c. Rather than attempting to contact counsel to discuss the matter, point out the ownership change, or otherwise discuss the claims, Aevum Hotels's representative stated that they ignored the communications because the addressee was "P & C Motel Corp."

d. Plaintiff acted diligently and reasonably relied on public records when initially instituting litigation against P & C Motel Corp and Chato LLC (Dkt. # 1). Aevum Hotels, having received the demand letter mailed in August, was uniquely positioned to correct Plaintiff's misunderstanding (a misunderstanding based on reliance on public records), but Aevum Hotels did not correct the misunderstanding. While Aevum Hotels did not have a legal obligation to correct the misunderstanding, given this series of events, it is appropriate for Aevum Hotels to fully compensate Plaintiff for all attorney time in this matter, including for time expended with regards to P & C Motel Corp and Chato LLC. Moreover, much of the effort related to those entities was time that would have been expended anyways, had the identity of Aevum Hotels as owner/operator been known

from the outset.

**Costs Incurred by Claimant's Counsel**

46. The firm has borne all costs incurred on behalf of Plaintiff in this litigation. Attached as An itemized summary of expenses incurred is below. Legal research costs, postage, service, and print costs, as well as filing fees are inevitable and were incurred here. Because of the procedural posture of this case, no travel expenses were incurred, but may be incurred if the hearing on the Motion for Default Judgment proceeds. Itemized Summary of Expenses:

   a. $53.04 - Printing Costs (Darr Law) - Printing of research and case documents (312 pages @ 17 cents per page (black and white)).
   b. $402 - Filing Fee
   c. $255 - Personal Service x 3 - GreenTree Legal.
   d. $54.11 - Postage[4]
   e. $629 - Legal Research Costs

47. The foregoing expenses, totaling $1,393.15, were incurred in connection with this litigation, and were reasonably necessary for the prosecution of this action.

**Need for Attorney Services**

48. For the past 7 years I have been actively involved in assisting members of the disabled community, specifically those with service animals, in vindicating their rights under Ohio and federal law.

49. Based on my experience, communications with members of the community, and research, there are very few attorneys in Ohio who will pursue claims like the ones at issue here.

50. Indeed, many members of the disabled community utilize homemade, business-card-sized cards with information about animal access rights because there is a shortage of lawyers vindicating access rights in litigation. These members of the disabled community give these

---

[4] This figure does not include cost of postage to send a courtesy copy of this supplemental briefing to Aevum Hotels.

cards to business owners to try and gain access with their service animal when they are denied by places of public accommodation.

51. Based on my experience, an unacceptable number of public accommodations are failing to respect the rights of the disabled community, and there are few attorneys who are available to assert those rights through the legal process.

52. An award of attorneys' fees (without any type of multiplier) assures that attorneys are adequately compensated for their professional services and will pursue meritorious claims asserting rights on behalf of the disabled community and for its benefit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 28, 2022 at Fremont, Ohio.

_____
Alexander Darr

# Cooley v Red Carpet Inn (Aevum Hotels, LLC)

Date Range: All time

Add Time Entry

Text Size

| DATE | ACTIVITY | DURATION | DESCRIPTION | RATE | TOTAL | STATUS | USER |
|---|---|---|---|---|---|---|---|
| Jun 28, 2022 | Legal Work | 5.2 | Complete supplemental documents for motion for default judgment. Discuss with client. Review Cooley declaration with client. Obtain signature. | $700.00/hr | $3,640.00 | Open | Alexander Darr |
| Jun 24, 2022 | Legal Work | 5.3 | Phone call with Client regarding upcoming Default Judgment hearing and preparation for same. (1.1 hours). Begin drafting supplemental documentation for default judgment hearing (supplemental brief and affidavits). (4.2 hours). | $700.00/hr | $3,710.00 | Open | Alexander Darr |
| May 16, 2022 | Legal Work | 0.3 | Correspondence with Court regarding scheduling of Default Judgment hearing. Discuss same with Client. | $700.00/hr | $210.00 | Open | Alexander Darr |
| May 11, 2022 | Legal Work | 0.9 | Research, draft, and file motion for default judgment and supporting documents. Telephonic communications with client regarding the same and potential in-person hearing | $700.00/hr | $630.00 | Open | Alexander Darr |
| May 3, 2022 | Legal Work | 0.1 | Review docket entry re entry of default. | $700.00/hr | $70.00 | Open | Alexander Darr |
| May 2, 2022 | Legal Work | 0.8 | Review Order from Court (5/2/2022). Prepare and file status per Court order. Research, draft, and file application for default. | $700.00/hr | $560.00 | Open | Alexander Darr |
| Apr 4, 2022 | Legal Work | 0.1 | File executed summons | $700.00/hr | $70.00 | Open | Alexander Darr |
| Apr 4, 2022 | Legal Work | 0.2 | Email correspondence with personal service vendor to obtain service affidavit for filing. | $700.00/hr | $140.00 | Open | Alexander Darr |
| Mar 29, 2022 | Legal Work | 0.9 | Telephone communication with Snehal Patel, representative of Aevum Hotels regarding case. (.2) Email correspondence with same, providing case documents and telephone call recordings. (.2) Review telephone call recordings. Phone call with client. (.5) | $700.00/hr | $630.00 | Open | Alexander Darr |
| Mar 10, 2022 | Legal Work | 0.1 | Email correspondence from service vendor added to file. | $700.00/hr | $70.00 | Open | Alexander Darr |
| Mar 4, 2022 | Legal Work | 0.2 | Prepare and order personal service for Aevum Defendant. | $700.00/hr | $140.00 | Open | Alexander Darr |
| Feb 18, 2022 | Legal Work | 0.3 | Email from mail vendor - review and add to file. (2/18 - .1). Create USPS delivery | $700.00/hr | $210.00 | Open | Alexander Darr |

| Date | Type | Hours | Description | Rate | Amount | Status | Attorney |
|---|---|---|---|---|---|---|---|
| | | | record and add to file. (2/18 - .1). Review email from vendor and vendor delivery certificate. (2/24 - .1) | | | | |
| Feb 15, 2022 | Legal Work | 0.4 | Draft and file amended complaint and summons request. Receive summons. Serve summons. | $700.00/hr | $280.00 | Open | Alexander Darr |
| Jan 17, 2022 | Legal Work | 0.6 | Additional phone calls with Hamilton county offices. Review of Hamilton County GIS map to attempt to reconcile discrepancies. Email correspondence with Chato representative (JC) regarding same. | $700.00/hr | $420.00 | Open | Alexander Darr |
| Jan 13, 2022 | Legal Work | 0.2 | Continued email correspondence with JC re Chato LLC liability. Review Purchase agreement for Chato LLC related to property adjacent to hotel. | $700.00/hr | $140.00 | Open | Alexander Darr |
| Jan 12, 2022 | Legal Work | 1.4 | Communications with Chato LLC representative (JC) (telephonic and email) regarding appropriate party. Review of County records. Attempt to contact Hamilton County Auditor and Engineer offices. Discussion regarding Purchase agreement for Chato LLC related to property adjacent to hotel. | $700.00/hr | $980.00 | Open | Alexander Darr |
| Jan 10, 2022 | Legal Work | 0.2 | Communications with personal service vendor re personal service. Add to file. | $700.00/hr | $140.00 | Open | Alexander Darr |
| Jan 7, 2022 | Legal Work | 0.4 | Compile documents for personal service vendor for Chato LLC and P&C Motels LLC. Complete personal service forms for matter. | $700.00/hr | $280.00 | Open | Alexander Darr |
| Jan 6, 2022 | Legal Work | 0.2 | Review proof of delivery from mail vendor for service. Add both documents to file. | $700.00/hr | $140.00 | Open | Alexander Darr |
| Dec 31, 2021 | Legal Work | 0.1 | Delivery of Service to Chato LLC confirmed, added to file. | $700.00/hr | $70.00 | Open | Alexander Darr |
| Dec 29, 2021 | Legal Work | 0.2 | Compile and send service copies. | $700.00/hr | $140.00 | Open | Alexander Darr |
| Dec 28, 2021 | Legal Work | 1.6 | Review file. Discuss case with client including options for filing. (.5). Changes to complaint (.1). Compile additional documents needed for filing (.2). Prepare Requests for Issuance of Summons; confirm contact information for respective defendants. (.3). File and Serve Case. (.3). | $700.00/hr | $1,120.00 | Open | Alexander Darr |
| Aug 25, 2021 | Legal Work | 1.4 | Research regarding appropriate defendants for hotel property. Draft demand letter and complaint as to P&C Motel and Chato LLC. Final review and mailing (8/26 - .2). | $700.00/hr | $980.00 | Open | Alexander Darr |
| Aug 24, 2021 | Legal Work | 2.2 | Telephone conversation with client. Receive and review and recordings of telephonic communications. Research regarding public accommodations, hotels, and service animals. Research regarding ADA liability for attempted telephonic reservation of hotel. | $700.00/hr | $1,540.00 | Open | Alexander Darr |